GUY DAVIS, as a Member and Trustee, Appellant, v. THE TRUSTEES OF THE FIRST CONGREGATIONAL SOCIETY OF SYRA-CUSE, Respondents.

By statute (chap. 257, Laws of 1870) the then trustees (who are named) of defendant, a religious corporation, were authorized to make disposition of a fund belonging to the corporation, for other than corporate purposes. This action was brought to restrain such disposition, the complaint alleging the act to be unconstitutional, and that the trustees named intended and were proceeding to make such disposition of the fund; there was no allegation that the corporation itself contemplated any action. *Held*, that the exercise of the power was conferred by the act upon the trustees as individuals, and no cause of action was set forth against defendant; that to enable the court to pass upon the constitutionality of the act, the persons claiming to exercise authority under it should be made parties.

(Argued January 8, 1875; decided May term, 1875.

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department affirming a judgment in favor of defendants, entered upon an order sustaining a demurrer to the complaint.

This action was brought to restrain defendants from exercising the power and doing the acts authorized by chapter 257, Laws of 1870. The facts are sufficiently stated in the opinion.

*E. Forman* for the appellant. Chapter 257, Laws of 1870, is unconstitutional and void. (Const., art. 1, § 10, subd. 1;

*Dart. College* v. *Woodward*, 4 Wheat., 518, 591, notes ; *Terret* v. *Taylor*, 9 Cranch, 43.) The co-trustees were not necessary defendants. (1 Dan. Ch. Pldgs. and Pr., 178.) Defendants could not object upon the general demurrer that plaintiff had not legal capacity to sue. (*Fulton F. Ins. Co.* v. *Baldwin*, 37 N. Y., 651 ; *Vibert* v. *Frost*, 3 Abb., 120 ; *Hobert* v. *Frost*, 5 Duer, 671 ; *Palmer* v. *Davis*, 28 N. Y., 242 ; *DePuy* v. *Strong*, 37 id., 372 ; *Merrett* v. *Walsh*, 32 id., 690 ; *Bidwell* v. *Astor Mut. Ins. Co.*, 16 id., 263 ; 25 id., 211 ; *Davis* v. *Mayor, etc.*, 14 id., 506.)

*Geo. F. Comstock* for the respondents.

Reynolds, C. There are several difficulties in the way of maintaining this action, but it will not be important to consider more than one. The defendant is, in the complaint, alleged to be a religious corporation, organized in 1838 under the general law for the incorporation of religious societies. That, some years prior to the commencement of the action (1871) difficulties and disagreements arose in the society, and a large number of members seceded therefrom. The church edifice was sold, and after the payment of liens and charges, a fund was left which, after a litigation between the seceders and the parties continuing their connection with the original society, was finally adjudged to belong to the defendant. This fund, on the 1st of January, 1864, amounted to $2,340.92, and was then on deposit in the Syracuse Savings Bank to the credit of William M. Clark, the defendant's treasurer. The fund now amounts to $1,762.14, and is still on deposit.

After the secession and division of the society, the church and society were very few in numbers, but kept up religious services and meetings at Market Hall, in Syracuse, and at the private houses of members, "*for some years.*" About the year 1864, a litigation commenced about the control and disposition of the fund in question. The plaintiff wished to use it and get other subscriptions to buy a lot and build a

church.    The other four trustees wished to appropriate it to some other benevolent object, and they petitioned the legis-lature to pass an act to enable them to carry out their purposes, which resulted in an act passed on the 26th of April, 1870 (Laws of 1870, vol. 1, ch. 257, p. 572), by the provisions of which the then trustees of the defendant, to wit, Lyman Kingsley, H. Wadsworth Clark, Peter McDonald, William M. Clark and Guy Davis, or a majority of them, were authorized to make a final disposition of all the funds which may be in the hands of the treasurer of the said society, and all other property which may be in the hands of the said trustees, or any one of them, by paying all just debts, if any there be, and by appropriating the remainder to some benevolent or Christian cause or causes which may be in sympathy with or in accordance to Congregational faith and practice. The several persons named in the act of the legislature are still trustees of the society, no election having been held for years past.    It is then averred, in the complaint, that the four of the trustees, to wit, the two Clarks, Kingsley and McDonald, avow their intention to make an appropriation of said fund, under the provisions of the act of the legislature, for purposes other than the purchasing a site and building a church for said society, or the general purposes of the corporation ; and, for the purpose of getting the fund in their hands, have caused a suit to be commenced, in the name of the corporation, against the savings bank to recover the amount, with interest.

It is then averred that the act of the legislature is unconstitutional and void, and a judgment is prayed for declaring that the fund is held in trust to build a church, or for some general purpose of the society, and for an injunction to restrain the apprehended misappropriation of the fund in question.    This complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action, and judgment found for the defendant in the Supreme Court.

It is difficult to see what legal right exists in the plaintiff to maintain this action, but if that be conceded, a fatal objec-

tion to the present action is at once presented. The action rests upon the alleged invalidity of the act of the legislature giving the five persons named, or a majority of them, authority to dispose of the fund in question, in their discretion, for some of the benevolent and Christian purposes named in the statute. The exercise of the power conferred by the act was manifestly confided to them as individuals, and can be exercised by no other persons. None of them, save the plaintiff, are made parties to the action, but the corporate body only is made defendant. If the act of the legislature is valid the corporation defendant has nothing whatever to do with the disposition of the fund, and so far as I can discover the complaint does not aver that it contemplates the doing of any wrong. The allegation in that respect is, that " the two Clarks, Kingsly and McDonald, now avow their intention to make an appropriation of said fund under the said provisions of said act." It seems, therefore, very plain that, to enable us to properly make any determination as to the validity of the act of the legislature, the persons claiming to exercise authority under it should be made parties to the action. The only defendant on the record is not charged with having done, or intending to do, any wrong, and therefore no cause of action is alleged in the complaint.

The allegations of wrong intended to be done by persons not made parties we are not at liberty to consider on this appeal. In any view of the case as presented on this appeal the question of the validity of the act of the legislature seems to be quite immaterial. If valid there is no pretence that the defendant intends to violate its provisions, and if invalid it is in no form asserted that the defendant intends to do any wrong in its corporate capacity in the distribution of the fund in controversy.

The judgment must be affirmed.

All concur.

Judgment affirmed.