THE PEOPLE OF THE STATE OF NEW YORK ex rel. KATHARINE P. CHAMBERLAIN v. ROBERT SMITH AND OTHERS, AS ASSESSORS OF THE TOWN OF LYONS, AND LEWIS E. WOLFE AS TOWN CLERK OF THE TOWN OF LYONS, WAYNE COUNTY, N. Y.

*Assessment of shares of a National Bank owned by a person residing at the place where the bank is located — it is not vitiated by a failure to serve the notice required by section 312 of chapter 409 of 1882.*

Upon an appeal from a judgment entered on a decision dismissing a writ of *certiorari*, issued to review an assessment made by the assessors of the town of Lyons, of fifty-six shares of the capital stock of a national bank located at the village of Lyons, owned by the relator who resided in the same place, it appeared that the only irregularity on the part of the assessors, alleged by the relator, was their omission to serve on the bank, within ten days after the completion of the assessment, a notice in writing of their action in making such assessment as required by section 312 of chapter 409 of 1882, relating to the taxation of the capital stock of State and national banks.

*Held,* that the omission of the assessors to serve the notice required by the said section was not such an irregularity as would vitiate the assessment.

*It seems,* that the notice required by section 312 is required for the single purpose of creating a lien on the share for the tax, as against those who are non-residents of the place where the bank is located, and to impose upon the officers of the bank the duty of retaining the dividends until the tax, or so much thereof as may be necessary for that purpose, is paid.

Appeal from a judgment and an order entered in the office of the clerk of Wayne county, on March 21, 1888, dismissing a writ of *certiorari* issued for the purpose of reviewing the assessment made by the assessors of the town of Lyons of fifty-six shares of capital stock of a national bank, owned by the relator.

*E. W. Hamm,* for the appellant.

*C. H. Roys,* for the respondents.

Barker, P. J. :

The relator is the owner of fifty-six shares, each issued for $1,000, of the capital stock of the national bank located in the village of Lyons, this State, where she resides. The town assessors for the year 1888 assessed the said shares as personal property, estimating their value at $28,000. The relator, by these proceedings, seeks to vacate the assessment on the ground of an alleged irregularity on the part of the assessors in omitting to serve on the bank, within ten days after the completion of the assessment, a notice, in writing, of their action in making such assessment as required by chapter 12, section 312 of chapter 409 of the Laws of 1882, relating to the taxation of the capital stock of State and national banks. The notice was not served.

It was held, by the learned judge who presided at the Special Term, that the omission to serve a notice as required by the said section was not such an irregularity as would vitiate the assessment and he dismissed the proceedings. No other irregularity or error is pointed out by the counsel for the relator than the one mentioned, it being conceded that the assessors, in every other material respect, fully complied with the general statutes regulating the assessment and valuation of personal property of persons who are residents of the town of which they are the assessors.

By the terms of the said act, it is provided that the stockholders of every State or national bank shall be assessed and taxed on the value of their shares of stock therein; and that the same shall be included in the valuation of the personal property of such shareholder in the assessment of taxes at the place, city, village or town where such bank is located, and not elsewhere, whether the said stockholders reside in such place or not; but in the assessment of such shares each shareholder shall be allowed all the deductions and exceptions allowed by law in assessing the value of other taxable personal property owned by individual citizens of the State. By these provisions, for the purpose of taxation, the property of the holder of shares in a State or national bank is given a situs in the city or town where the bank is located, without regard to the place of residence of the shareholder, or whether he be a citizen of the State or not. A resident shareholder has no reason to complain of these provisions of law, for the shares of bank stock which he may own are treated the same as other personal property in ascertaining its value and fixing the amount of the tax to be imposed thereon. In another section of the same chapter of the act it is declared that the tax, imposed on the shares owned by persons who are not residents of the place where the bank is located, shall be a lien thereon from the time of the assessment until its payment, and all transfers after that day shall be subject to such lien, and provision is also made for the sale of such shares, for the payment of the tax, as against such non-residents owners. (Sec. 314.)

For the purpose of securing the collection of such tax, and, in addition to any other law of this State on the subject, it is, by section 315, declared: That it shall be the duty of every such bank or banking association, and the managing officer or officers thereof, to retain so much of any dividends or dividend belonging to such stockholder as shall be necessary to pay any taxes assessed in pursuance of the provisions of the act, until it shall be made to appear to such officers or officer that such taxes have been paid.

It is manifest that the notice required by section 312 is required for the single purpose of creating a lien on the shares for the tax, as against those who are non-residents of the place where the bank is located, and to impose upon the officers of the bank the duty of

retaining the dividends until the tax is paid, or so much thereof as may be necessary for that purpose. The language used does not admit of any other interpretation, when read in connection with the general law, prescribing the mode and manner of assessing and levying a tax upon the personal property of individuals who are residents of the State. The words of the statute containing the directions are as follows: " The local authorities charged by law with the assessment of the said shares shall, within ten days after they have completed such assessment, give written notice to each bank or bank ing association of such assessment of the shares of its respective shareholders, and no personal or other notice to such shareholders of such assessment shall be necessary for the purpose of this act."

The learned counsel for the relator contends that the notice thus required to be served on the bank was intended by the legislature to be for the benefit of the shareholders as a notice of the action of the assessors in making the assessment, and in addition to the notice required by the provisions of the Revised Statutes of the completion of the assessment-roll, and of the appointment of a time and place to review their assessments on the complaint of any aggrieved person. It is difficult to discover what benefit it would be to the resident shareholders, whose shares are assessed in a due and proper manner under the provisions of section 312, to have this notice served on the bank. No assessment of shares as to such a person would be valid, unless all the provisions of the general law on the subject had been observed and performed by the assessors. Of their action the shareholders would be advised in due time by the publication of the notice required by the general statutes. None of the provisions of the general law relative to the assessment of personal property are repealed or altered by any of the provisions of the new statute. As the notice is not to be served until after the assessment is completed, and the assessors have ceased to have any further jurisdiction over the roll, and cannot change or alter the same, in any respect, it seems to our minds clear that the notice is only essential for the purpose of creating a lien on the share, and to require the bank officers to retain so much of any dividend as may be necessary to pay the tax until the same is paid. (Davis v. First Cong. Soc., 65 N. Y., 278.)

After requiring the notice to be served on the bank it is then

declared that "no personal or other notice to such shareholders shall be necessary for the purposes of this act." Thus clearly indicating that the object and purpose of the notice is simply to secure the lien and the retention of dividends. In disposing of this appeal we need not pass upon the question whether the tax upon the shares of non-residents of a place where the bank is located can be collected otherwise than by an enforcement of the lien created by the statute. But as to resident shareholders we are of the opinion, and hold, that the tax can be collected in the same manner as taxes upon other personal property, and that a service of the notice required by the statute under consideration is not necessary to give the assessors jurisdiction over the subject matter; and without serving such notice they may make a legal and valid assessment of such shares as the personal property of such owner.

The judgment of the Special Term should be affirmed, with costs.

BRADLEY, HAIGHT and DWIGHT, JJ., concurred.

Order and judgment affirmed.